Filed 10/9/25  P. v. Garcia CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083052 |
| v. | (Super.Ct.No. CR47377) |
| JOSEPH GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Reversed and remanded.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court denied defendant and appellant Joseph Garcia's request for a full resentencing hearing. On appeal, defendant contended this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We affirmed.

On September 3, 2025, the California Supreme Court issued an order directing us to vacate our decision and reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*). We vacated our decision and offered the parties the opportunity to file supplemental briefs, which they waived. We reverse and remand the matter with directions.

## I. PROCEDURAL BACKGROUND

On March 29, 1994, a jury convicted defendant of second degree murder (§ 187, count 1) and assault with a firearm (§ 245, subd. (a), count 2). The jury additionally found true allegations that defendant committed both offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)). Defendant subsequently admitted that he had suffered two prior serious felony convictions (§ 667, subd. (a)) and a prior prison term (§ 667.5, subd. (b)). (*People v. Guillen* (Feb. 2, 1996, E014756) [nonpub. opn.] (*Guillen*); *People v. Garcia* (Dec. 8, 2022, E077916) [nonpub. opn.] (*Garcia*).)

The court thereafter sentenced defendant to an aggregate term of imprisonment of 26 years to life. The court imposed a sentence of 15 years to life for the murder, one year

---

[1] All further statutory references are to the Penal Code.

consecutive on the firearm enhancement, and five years consecutive for each of the two prior serious felony conviction enhancements. The court imposed the midterm of three years concurrent on the assault offense, one year concurrent on the attached firearm enhancement, and two years concurrent on the attached gang enhancement. The court stayed imposition of sentence on the prior prison term enhancement.[2] (*Guillen*, *supra*, E014756; *Garcia*, *supra*, E077916.)

Defendant appealed. This court affirmed the judgment. (*Guillen*, *supra*, E014756; *Garcia*, *supra*, E077916.)

In 2019, defendant filed a petition for resentencing pursuant to former section 1170.95,[3] which the court denied after holding an evidentiary hearing. Defendant appealed. This court affirmed the court's order denying the petition. (*Garcia*, *supra*, E077916.)

At the section 1172.75 hearing on December 21, 2023, the court found defendant ineligible for resentencing and denied defendant's "motion." The court vacated the previous "sentence" on defendant's prior prison term and then struck punishment on the prior prison term enhancement.

---

[2] There were numerous irregularities regarding sentencing, which the court repeatedly attempted to fix over the ensuing years. In all those attempts, the court stayed imposition of punishment on the prior prison term enhancement. However, the January 24, 2024, eighth amended abstract of judgment reflects that the court resentenced defendant to the low term of two years concurrent on the assault offense and struck *punishment* on the prior prison term enhancement.

[3] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

Defendant appealed. We affirmed the court's order because defendant's judgment had included a prior prison term upon which the court stayed punishment; thus, we held that since defendant was not serving a term of imprisonment for the enhancement, he was not entitled to a full resentencing hearing.[4]

## II. DISCUSSION

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

---

[4] Even with the court's vacatur of the stay on the prior prison term enhancement, and its imposition of sentence on the enhancement with punishment stricken, defendant was still not, in our view, effectively serving a term of imprisonment on the enhancement. (*People v. Espino* (2024) 104 Cal.App.5th 188, 203, (dis. opn. of Lie, J.) review granted Oct. 23, 2024, S286987 ["So the concept of a sentence enhancement being 'imposed' when its punishment was stricken is not one I claim to comprehend"].)

4

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to

5

promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed. [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included a stayed prior prison term enhancement that was imposed before January 1, 2020. The prior prison term was not for a sexually violent offense. At the section 1172.75 hearing, the court denied defendant's request for a full resentencing hearing. Thus, pursuant to *Rhodius*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.[5]

## III. DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing. The trial court is directed to strike the section 667.5, subdivision

---

[5] Here, the court vacated the previous "sentence" on defendant's prior prison term and then struck punishment on the enhancement. The court should have stricken the enhancement in its entirety. Thus, we shall direct the court below to do so. (§ 1172.75,

*[footnote continued on next page]*

6

(b) enhancement in its entirety, rather than merely punishment on the enhancement. We express no opinion on whether defendant would be entitled to any further relief on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J

RAPHAEL
J.

---

subd. (a) ["Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid"]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires . . . the trial court strike the newly 'invalid' enhancements"]; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; *People v. Green* (2024) 104 Cal.App.5th 365, 373.)